# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CJ PRODUCTS, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>FUNTASTIC LIMITED,<br><br>    Defendant. | Case No.: 17-CV-1747 JM JLB<br><br>**ORDER GRANTING JOINT MOTION AND ENTERING PARTIES' STIPULATED PROTECTIVE ORDER**<br><br>[ECF No. 17] |

The Court **GRANTS** the parties' Joint Motion for Protective Order (ECF No. 17), but replaces the language of the parties' proposed paragraph 23 with requisite language that this Court finds was inadvertently omitted by the parties. (*See* J. Burkhardt Civ. Chambers R. § V.)

**WHEREAS**, it appears that the resolution of this action may require the use of or reference to documents, information and other materials which may contain information believed to be confidential or commercially sensitive information involving, for example material non-public financial information a publicly traded company; and

**WHEREAS**, the parties wish to protect the confidentiality of potentially material non-public information and documents containing commercially sensitive information relied upon for resolution of this action; and

**WHEREAS**, the parties desire to be protected against potential and unreasonable annoyance, disadvantage, financial loss, hardship and substantial prejudice which may result from the unauthorized disclosure of such documents or information to others who are not parties to this action, of matters believed to be trade secrets, proprietary or confidential; the parties agree that justice will be served by the entry of a Protective Order setting forth procedures governing the use and disclosure of such documents or information;

///

**The Parties, Therefore, By and Through Their Respective Counsel Stipulate, Agree, and Jointly Move for a Protective Order as Follows:**

1. This Protective Order applies to all documents and information produced or disclosed in this Action to a party and designated as "Confidential" in the above-captioned action entitled, *CJ Products, Inc. v Funtastic Limited,* United States District Court, Southern District of California, Case No. 17-CV-1747 JM JLB, or any correspondence between the parties to the Action which is designated as "Confidential."

2. All documents, information and materials produced by any party and designated as "Confidential" shall be used solely for the purposes of the Action or as otherwise allowed by this Protective Order and shall not be used for any other purpose.

3. "Confidential Information" as used herein means any type or classification of information which a party producing information pursuant to this Protective Order designates as "Confidential," by the designating party, whether revealed during testimony, in a document, or otherwise. In designating information as "Confidential," a party or non-party subject to this protective order may only designate documents or other information in this action as Confidential if the designating party or non-party has an articulable, good faith basis to believe that each document or other information designated as confidential qualifies for protection under Federal Rule of Civil Procedure 26(c).

4. "Document" as used herein refers to any written or graphic matter, no matter how produced, recorded, stored or reproduced and includes tape recordings or other electronically stored data, together with the programming instructions and other written material necessary to understand such tapes and data.

5. "Qualified Persons" as used herein means

    (a) in-house and outside counsel to the parties of this Action, who are directly or indirectly involved in this Action, including associate attorneys, paralegals, stenographic, secretarial or clerical personnel assisting such counsel in this Action;

///

(b) designated or non-designated experts who are assisting counsel in the preparation of this Action;

(c) any litigation assistant, paralegal, stenographic, secretarial or clerical personnel employed by the expert to assist such expert in this Action;

(d) any videographer, court reporter or typist recording or transcribing testimony in this Action;

(e) the Court;

(f) named parties, officers, directors, and employees of named parties responsible for the defense or prosecution of this Action, including secretarial and clerical employees, provided they are given a copy of this Protective Order and sign a copy of the Confidentiality Acknowledgment prior to their review of any documents, information or materials designated as "Confidential" pursuant to this Protective Order, as set forth in Exhibit "A" hereto;

(g) insurance companies and insurance coverage counsel of named parties and officers, directors and employees of the insurers or coverage counsel of named parties who are directly responsible for the insurer's review and analysis in this action, including secretarial and clerical employees; and

(h) any other persons the parties agree upon in writing, provided they are given a copy of this Protective Order and sign a copy of the Confidentiality Acknowledgment prior to their review of any documents, information or materials designated as "Confidential" pursuant to this Protective Order, as set forth in Exhibit "A" hereto.

6. Except as provided herein, before providing access or disclosing any Confidential Information to any Qualified Person in paragraph 5 (b)-(h), the party providing or disclosing such information shall advise such Qualified Person that the information is designated as "Confidential" and can be used only in connection with this Action and in accordance with the terms of this Protective Order. Furthermore, the party receiving

information designated as "Confidential" in this Action shall disclose such information only to "Qualified Persons," as that term is defined in paragraph 5(b)-(h), *supra*, who have read and executed a Confidentiality Acknowledgment as set forth in Exhibit "A" hereto.

7. No "Qualified Person" shall receive or review documents, information or materials designated "Confidential" unless and until they have read and agreed to be bound by the terms of this Protective Order and executed a "Confidentiality Acknowledgment" containing the language set forth in paragraph 8, below. Original Confidentiality Acknowledgments executed by Qualified Persons as designated in paragraphs 5(b)-(h) above shall be maintained by the counsel for the party obtaining the Confidentiality Acknowledgment and shall be made available for inspection to the other side within five (5) days of a request for review of executed Confidentiality Acknowledgments. Persons designated as "Qualified Persons" under paragraph 5(h) shall execute a copy of the Confidentiality Acknowledgment and provide a copy of the executed Confidentiality Acknowledgment to all parties to this action six (6) days *prior* to such Qualified Person receiving and/or reviewing any document or other information designated "Confidential." Any party may object to the individual proposed to be designated as a Qualified Person under paragraph 5(h) within five (5) days of receiving a copy of the executed Confidentiality Acknowledgment. The designated individual is then barred from reviewing documents, information or materials designated as Confidential until the objection is resolved between the parties or by the Court.

8. All copies, reproductions, extracts and summaries of documents, answers to interrogatories, responses to requests for admissions, testimony, or other materials or information, as well as briefs or other pleadings quoting or referring to Confidential Information shall be subject to the provisions of this Protective Order. Any interrogatories, or responses thereto, requests for admissions, or responses thereto, or other court filings containing documents, information or materials specifically designated as "Confidential" shall be filed with the Court "Under Seal." No document shall be filed under seal unless counsel secures a Court order allowing the filing of a document under seal. An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and

control of the document, if different from opposing counsel.  If the application to file under seal a document designated as confidential is being made by the non-designating party, then, upon request, the designating party must promptly provide the applicant with a legal basis for the confidential designation to include within the application.  If opposing counsel, or the person or entity that has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application to notify the judge's staff that an opposition to the application will be filed.

9. Nothing contained in this Protective Order shall prevent the use of Confidential Information at a hearing or in court, on the condition that any party seeking to use such documents, materials, or information at a hearing or at court provides the designating party with adequate notice so that a motion to seal such documents, materials, or information may be filed and heard by the Court prior to such documents, materials, or information being used at a hearing or at trial.  Further, nothing contained in this Protective Order shall prevent the use of Confidential Information in a deposition, on the condition that any such documents, information or materials shall be disclosed or displayed only upon the implementation of all reasonable safeguards to preserve their confidentiality.  If such documents, information or materials are used in a deposition, they and all portions of the transcripts and exhibits thereto which refer or relate to them, shall be designated and treated as confidential pursuant to the provisions of this Protective Order.

10. Any Confidential Information shall be labeled by the designating party as "Confidential."  All deposition transcripts shall be treated as Confidential Information for a period of ten (10) business days after all parties have received such deposition transcript to allow time for the parties to make their Confidential designation.  When Confidential Information is incorporated in a deposition transcript, arrangement shall be made with the reporter to bind the confidential portion of the transcript and label it "Confidential."  Only Qualified Persons and the witness shall be present during examinations concerning "Confidential" documents, information or materials.

/ / /

11. All Confidential Information or notes or other records regarding the contents thereof, shall be maintained in the custody of counsel, and no partial or complete copies thereof shall be retained by anyone else at any other location than the offices of counsel, except when being used by experts in connection with this Action, or at depositions, unless otherwise authorized by Agreement or Stipulation of the parties or by Order of the Court.

12. Documents, information or materials designated confidential pursuant to this Protective Order shall not be determinative of what a trier of fact may determine to be confidential. Absent a stipulation by and between the parties to this Protective Order, the fact of such designation shall not be admissible during a hearing or the trial of this action.

13. In the event the non-designating party disagrees with the designation by the producing party of any information as Confidential Information, the parties will try first to resolve such dispute on an informal basis before presenting the dispute to the Court. Subject to chambers rules, in the event the parties fail to resolve such dispute informally, the objecting party may file a motion with the Court, or make other informal application to the Court on notice to all parties, to determine the propriety of the designation. (*See* J. Burkhardt Civ. Chambers R.)

14. The information designated as Confidential Information which is the subject of such motion or informal application shall be treated in accordance with its confidential designation pending the Court's decision on the motion, and any appeals or writs from the Court's decision. The designating party bears the burden of proof that such information is in fact confidential.

15. In the event a party believes it is necessary that information designated as Confidential be disclosed to a person other than those persons to whom disclosure is authorized by this Protective Order, the party must attempt to obtain consent from the designating party. If the parties agree to any modifications, such modifications shall be made to this Protective Order. Subject to chambers rules, in the event that the parties cannot agree to any requested modifications, the requesting party may file a motion with the Court for an appropriate modification of this Protective Order. (*See* J. Burkhardt Civ. Chambers R.) Such motion shall,

subject to provisions of paragraph 9, identify the particular Confidential Information proposed to be disclosed, the name and address of the person to whom the party proposes to disclose the Confidential Information, and the reasons why such disclosure is necessary. The party seeking disclosure of Confidential Information may not disclose such information, or any part of it, pending the Court's decision on the motion and any appeals or writs from the Court's decision.

16. The provisions of this Protective Order shall not terminate at the conclusion of this Action. At the conclusion of this Action, whether by judgment including exhaustion of all appeals, settlement or otherwise, any originals or reproductions of any documents (excluding (i) documents which have been filed with the Court, or (ii) documents which contain notations of counsel or persons in his/her employ, and (iii) all summaries and indices prepared by counsel or those in his/her employ) produced by a party and designated Confidential shall be returned to the designating party upon written request or destroyed with proper certification provided to the designating party's counsel. Notwithstanding the foregoing, counsel of record may retain in its files, subject to the ongoing obligations of this Protective Order, a file copy of all documents related to the Action. Insofar as the provisions of this Protective Order restrict the use of the documents produced hereunder, this Protective Order shall continue to be binding after the conclusion of this Action. All documents filed with the Court in accordance with this Protective Order shall remain under seal unless the Court, for good cause shown, otherwise directs; provided, however, absent an *ex parte* motion made within 10 calendar days of the termination of the case, the parties understand that the Court will destroy any confidential documents in its possession.

17. Any third party to this Action may avail itself of the protection of this Protective Order.

18. Nothing in this Agreement shall prejudice any party from seeking amendments thereto broadening or restricting the rights of access to and use of Confidential Information, or other modifications. Nothing in this Protective Order shall limit or preclude any party or third party from applying to the Court for relief from its terms, or for such other Protective Orders as they may deem appropriate.

19. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object to such action, shall be construed as a waiver of any claim or defense in this action. Moreover, neither the failure to designate information as Confidential in accordance with this Protective Order, nor the failure to object to a designation of confidentiality at a given time, shall preclude the filing of a motion at a later time seeking to impose such designation or challenging the propriety thereof. Further, this Protective Order, except as expressly provided herein, shall not relieve any party, person or entity of the obligation of producing information in the course of the Action. Without modifying the foregoing, each party shall have ten (10) business days from the date of this order to designate previously produced information as "Confidential" and any other party in possession of such information shall clearly mark the information as "Confidential."

20. This Protective Order may be executed in any number of counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same document.

21. A facsimile signature shall be the same as an original for purposes of this Stipulated Protective Order and shall be binding on the parties as an original signature.

22. The Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

23. Without separate court order, the Order does not change, amend, or circumvent any court rule or local rule.

24. If this Protective Order is for any reason not signed by the Court, the parties agree that it shall nevertheless constitute a confidentiality agreement by and between the parties executing it, and the parties shall maintain the confidentiality of documents designated "Confidential." If a party believes it is necessary to file a document with the Court that has been designated as "Confidential," that party shall use its best efforts to obtain an Order from the Court authorizing such confidential document to be filed under seal.

As to any depositions taken prior to the date of this order, each party shall have ten (10) business days from the date of this order to designate all or part of the transcripts of these depositions as "Confidential."

THE CABRERA FIRM, A.P.C.

By:   /s/  Guillermo Cabrera
Guillermo Cabrera

Attorney for Defendant Funtastic Limited

SCOTT+SCOTT, LLP

By:   /s/  John T. Jascnoch
John T. Jasnoch, Esq.
Attorneys for Plaintiff

**IT IS SO ORDERED:**

Dated: May 24, 2018

Hon. Jill L. Burkhardt
United States Magistrate Judge

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CJ PRODUCTS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> FUNTASTIC LIMITED, <br><br> Defendant. | Case No. 17-CV-1747 JM JLB <br><br><br> **EXHIBIT "A"** <br> **CONFIDENTIALITY ACKNOWLEDGEMENT** |

  I hereby acknowledge that I, (_____ (print name) am about to or may receive Confidential Information. I certify to my understanding that such information is to be provided to me pursuant to the terms of the Protective Order in *CJ PRODUCTS, INC. v. FUNTASTIC LIMITED*, United States District Court Case No. 17-CV-1747 JM JLB and that I have been given a copy of and have read said Order and understand its terms.

/ / /

/ / /

/ / /

/ / /

**EXHIBIT "A" PROTECTIVE ORDER ACKNOWLEDGMENT**

I understand that such information, and any copies I make of documentary material containing Confidential Information, or any notes or other records that may be made regarding any such information, shall not be disclosed to others except those persons specifically named and defined in paragraphs 5(a) –(h) of the Protective Order in this litigation.

Dated: _____

_____
Signature

_____
Address

_____

(_____)_____
Phone Number

**EXHIBIT "A" PROTECTIVE ORDER ACKNOWLEDGMENT**